ACOSTA
*v.*
MARRERO.

---

## H. W. Cator, use of Central Bank of Alabama, *v.* H. B. Merrill & Co
### J. Eager, Intervenor.

The answers of a garnishee to interrogatories are evidence against the party who propounds them,
unless destroyed by the oath of two witnesses, or of one single witness corroborated by strong
circumstantial evidence or by written proof.

The class of oppositions by which the property of the thing seized is claimed is a distinct suit; not so
the opposition which merely asserts a lien or privilege superior to that of the seizing creditor.

The privilege of a commission merchant or factor is two-fold: first, for advances specially made upon
the goods which are seized; and second, for a general balance of account.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
   *Thomas J. Semmes*, for plaintiff and appellant. *Durant & Hornor*, for
defendants. *Bonford, Singleton & Clack*, for intervenor.

BUCHANAN, J. Judgment having been obtained by plaintiff against defend-
ants, a writ of *fieri facias* was issued thereupon; and *Jennison Eager*, the appel-
lee, was cited as garnishee, and interrogatories served upon him on the 24th April,
1858. He answered that he had in his hands, at the service of the interrogato-
ries, 629 bales of gunny bags, belonging to defendants, as collateral security, upon
which he (garnishee) had issued his acceptance of said *H. B. Merrill's* draft for
eighteen thousand dollars, payable six months from the 12th March, 1858; that
garnishee had also an account for charges, storage, insurance, commissions, &c.,
now amounting to about two thousand eight hundred dollars, which is a privileged
claim upon said gunny bags.

On the 4th May, 1858, additional interrogatories were propounded to the ap-
pellee, with leave of Court; to which he answered, annexing a full and detailed
statement of his account with *H. B. Merrill*, embracing the charges on the gunny
bags spoken of previously, as well as on other property, and showing a balance to
the debit of *Merrill* of $3,743 44. This answer stated further, that the 629 bales
gunny bags had been sold by garnishee since the previous answer to interrogato-
ries, for a gross sum of $16,707 81, which he has received.

On the 14th July, 1859, after the cause had been remanded by our former de-
cree, appellee filed his petition of intervention and third opposition in this suit, in
which he alleged that he was a commission merchant, trading in this city, and
that as such, he had received from *H. B. Merrill* the gunny bags mentioned in the
answers to interrogatories mentioned above, for sale; that the said gunny bags
had been sold by him in the regular course of business; that the petitioner had
advanced to said *Merrill* large sums on account of said gunny bags, as set forth in
the account annexed to his answer to interrogatories above mentioned; for which

18

advances, *as well as all other indebtedness of Merrill*, petitioner had, by law, a privilege on the proceeds of said gunny bags, in preference to plaintiff.

This third opposition was tried, and upon the evidence offered by the third opponent, was sustained, for the full amount of the proceeds of the gunny bags. Plaintiff appeals.

The first question for our consideration is presented by a bill of exceptions to the admission in evidence, for the third opponent, of the answers filed by him as garnishee, and of the documents annexed to and forming part of said answers. The Court did not err in admitting the evidence. The answers of a garnishee to interrogatories are evidence against the party who propounds the interrogatories, (Code of Practice, Art. 354) ; and in this case those answers have not been traversed or contradicted. The objection to them is, that the issue upon the third opposition is a distinct suit from that in which the answers were filed ; and that the right asserted is different. The objection does not seem well taken. The class of oppositions by which the property of the thing seized is claimed, is indeed treated by the Code of Practice, Art. 398, as a distinct suit ; not so the opposition which merely asserts a lien or privilege superior to that of the seizing creditor. Art. 401.

And although a right as pledgee *was* insisted upon by the garnishee, which was disallowed by the judgment heretofore rendered ; yet we have seen, that his first answers to interrogatories also asserted a privilege for the amount of his account, which was, at the instance of plaintiff, particularly detailed in the account which was made a part of his second answer.

The privilege of a commission merchant or factor is two-fold ; first, under Art. 3214 of the Civil Code, for advances specially made upon the goods which are seized ; and second, under the Act of 1841, p. 21, (Phillips's Revised Statutes, p. 80,) for a general balance of account.

Appellee claims the privilege of " advances " for an acceptance of defendants' draft, given on the day that the gunny bags seized in this case were put into his hands by defendants.

The draft and acceptance read as follows :

                            "NEW ORLEANS, March 12th, 1858.

" Six months after date, please pay to the order of ourselves, eighteen thousand dollars, value received, and oblige                    H. B. Merrill & Co.

"To Messrs. J. Eager & Co."

" Accepted for amount of nett proceeds of sales of six hundred and thirty-nine bales of gunny bags, after deducting commissions, &c.          J. Eager & Co."

It appears, from the evidence, that this draft was negotiated shortly after its date, by the drawers, through a banking house in New York, who discounted it at the rate of seven per cent. upon its face ; that at maturity, the discounters and holders presented it to *J. Eager & Co.* for payment, who tendered the nett proceeds of the gunny bags, which they stated to be $15,850 08, as the full extent of their liability ; which was agreed to by the holders of the draft, and the draft given up to the acceptor, on his payment of that sum.

It has been much contested in argument, whether a qualified acceptance, such as the one here shown, should be considered as an advance of funds under article 3214 of the Civil Code ; and as coming within the doctrine of the case of *Turpin* v. *Reynolds*, 14 La. Rep. 473. But it is needless to decide this point, as the factor or commission agent has a privilege by the Act of 1841, amendatory of the article 3214, not only for advances made on the specific thing seized, but also for

his general balance in account current with the owner of the thing. And in this case, there is proved to have been such a balance in favor of the appellee, after crediting the defendants with the proceeds of the gunny bags seized. It is not pretended that those gunny bags were sold for less than their full market value.

It is also contended by the counsel of appellant, that the opponent and appellee, *Jennison Eager*, is not entitled to claim the character or standing of " commission merchant, factor, or commission agent," in whose favor, by the terms of the Code and of the amendatory statute, the lien or privilege in question was granted. But upon this point, the evidence is with the appellee.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.